COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia

SHARON D. WILLIAMSON

MEMORANDUM OPINION[*] BY
v.  Record No. 1309-96-2                JUDGE JAMES W. BENTON, JR.
JANUARY 28, 1997

NORMAN L. WILLIAMSON

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Sharon D. Williamson, pro se.

No brief or argument for appellee.


Sharon D. Williamson, the mother, appeals from a child

support order that fixes a sum of money that she owes Norman L.

Williamson, her former husband and the child's father.  The sole

issue the mother raises is whether the April 30, 1996 order is

erroneous, inaccurate, and unsupported by evidence.  We affirm

the order and remand the case to the circuit judge to correct a

patent clerical error.  See Code § 8.01-428(B).

In pertinent part, the statement of facts recites as

follows:

> In an earlier proceeding before the
> Juvenile [and] Domestic Relations Court for
> the County of Chesterfield, the [mother]
> appeared as a pro se Plaintiff seeking an
> increase in child support.  The [father] was
> represented by counsel and the [Juvenile]
> Court declined to increase the amount and set
> the amount of support at $479 per month
> beginning November 1, 1995.  The [mother]
> proffers that she was receiving support on a

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

bi-monthly pay period from the [father] in
the amount of $221.07 . . . twice per month
. . . .

The [mother] appealed the matter [to] the
Circuit Court for the County of Chesterfield.
An increase had not been awarded since
February 10, 1993.  The [Circuit] Court[,]
after the hearing[,] concluded that the
correct support obligation owed to the
[mother] was $525 per month from November 1,
1995 to February 7, 1996.  The [Circuit]
Court notes further in its Order that the
[father] is indebted to the [mother] for the
months of November, December, January and
one-half of February in the amount of $160,
representing the difference between the
correct amount of $510 and the amount paid of
$479 per month.

The [Circuit] Court further ordered that
since the [mother] had received payments from
the [father] since February 7, 1996, which
payments totaled $663.21, that the [mother]
owes the [father] the sum of $503.21.

The [Circuit] Court['s] rationale was
based on a change in custodial circumstances.
On February 7, 1996 the [mother] and the
[father] entered into a Consent Order whereby
the [father] was to have physical custody of
the minor child.

Notations on the final order establish that the statement of

facts contains an obvious misstatement in that it indicates both

"that the correct support obligation owed to the [mother] was

$525 per month" and that "the correct amount [is] $510."  In the

final order, the sum of $510 was typed in two distinct places as

the support obligation.  However, in one place the figure $510

was stricken with a line drawn through the figure and the figure

$525 was handwritten and initialled by the circuit judge.  The

trial judge failed, however, to make the same correction where

- 2 -

the figure $510 recurs later in the order.

In her brief, the mother "does not contest the . . . award of $525 per month in support obligations." Moreover, the record supports the conclusion that the correct amount is $525. Clearly, the trial judge's failure to change the sum of $510 to $525 in the second instance was a clerical error.

If that clerical error is corrected, the order will be manifestly correct. The order recites "that the [father] is indebted to the [mother] for the months of November, December, January and one-half of February." That amount ($525 + $525 + $525 + $262.50) totals $1,837.50. During that same period, the father paid amounts ($479 + $479 + $479 + $239.50) that totaled $1,676.50. Thus, the difference between those sums, $161, is the amount that the father underpaid the mother through February 7, 1996. The order further recites that after February 7, the date custody of the child was transferred by consent decree, the father paid the mother $663.21. The record indicates that every two weeks by payroll deduction $221.07 was paid to the mother.

Thus, the mother is indebted to the father for the difference between the payments the father made after the transfer of custody ($663.21) and the deficiency in the payments the father made through February 7 ($161). That amount totals $502.21.

Accordingly, we hold that a clerical error appears in the final order, and we remand the matter to the trial judge for the

sole purpose of correcting the clerical error in the final order. See Code § 8.01-428(B); <u>Tatum v. Commonwealth</u>, 17 Va. App. 585, 592-93, 440 S.E.2d 133, 138 (1994). Once the clerical error is corrected, the order will be neither plainly wrong nor without evidence to support it. Code § 8.01-680. <u>See</u> <u>also</u> <u>Pommerenke v.</u> <u>Pommerenke</u>, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988). Thus, the evidence fails to establish reversible error.

<u>Affirmed and remanded</u>.